1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10  JAIME MARTIN,

11                              NO. CIV. S-09-0025 LKK/DAD
            Plaintiff,
12
        v.                              O R D E R
13
    RECONTRUST COMPANY;
14  COUNTRYWIDE HOME LOANS, INC.;
    and, DOES 1 through 50,
15  inclusive,

16
            Defendants.
17  _____/

18       Plaintiff Jaime Martin has brought suit against defendants

19  Countrywide Home Loans and Reconstruct Company for allegedly

20  unlawfully proceeding with non-judicial foreclosure on real

21  property that was purchased by the plaintiff through a Deed of

22  Trust.  Pending before the court is defendants' motion to dismiss

23  the complaint or in the alternative, for a more definite statement.

24  Plaintiff has not filed an opposition to this motion. The court

25  grants the motion to dismiss.

26

                                    1

1                          **I. Background**[1]

2        On November 9, 2005, a note was recorded in Sacramento County

3   for the sale of the real property at 681 Las Palmas Avenue in

4   Sacramento, California to plaintiff.  This note was secured by the

5   Deed of Trust ("Security Instrument") for that property.[2]

6        On July 25, 2008, defendant Reconstruct Company issued a

7   Notice of Sale to plaintiff, which plaintiff alleges was at the

8   insistence of defendant Countrywide Home Loans ("Countrywide").

9   On that date, plaintiff requested that defendant Reconstruct

10  furnish proof that Countrywide possessed the original note or proof

11  of the basis of Countrywide's right to initiate foreclosure under

12  the Security Instrument.  Plaintiff also demanded that Reconstruct

13  suspend foreclosure sale until such proof has been provided.

14       On August 6, 2008,  plaintiff sought through his attorney to

15  obtain detailed accounting of the calculation of the payoff demand

16  and proof of defendant's right to proceed to foreclosure in writing

17  _____

18       [1]All facts herein are taken from the complaint and are taken
    as true for the purposes of this motion only.

19       Concurrent with their motion, defendants move to take judicial
    notice of the Note and Deed of Trust referenced in the complaint.

20  A court may consider on a motion to dismiss documents referenced
    in a complaint and whose authenticity is not questioned by the

21  parties. <u>Branch v. Tunnell</u>, 14 F.3d 449, 454 (9th Cir. 1994)
    <u>overruled on other grounds by</u> <u>Galbraith v. County of Santa Clara</u>,

22  307 F.3d 1119 (9th Cir. 2002). As that standard is met here, the
    court takes notice of the documents.

23       [2]Although the complaint alleges that the noted secured by the
    Security Instrument was recorded on November 9, 2005, it appears

24  from an Exhibit to the complaint and the memorandum of points and
    authorities in support of the motion to dismiss that the

25  transaction date of the Deed of Trust was October 26, 2005. Compl.
    ¶ 5, Ex. 2 at 2; Mem. P. & A. Mot. at 8. This discrepancy does not

26  appear material to resolution of the instant motion.

                                    2

so as to evaluate his rights under the law.  No such proof has been furnished.  As of December 2, 2008, plaintiff was the owner in fee of the real property in question.

According to plaintiff, Countrywide is proceeding toward a Trustee's sale under a power of sale to foreclose, in order to collect the unpaid balance on the November 2005 Security Instrument.  Plaintiff alleges that Countrywide is not the current holder of the specified note, is not in possession of the note properly endorsed to it and is not otherwise entitled by law in this State to initiate foreclosure under the Security Instrument. Plaintiff also alleges that under the Security Instrument, Countrywide has no present right to initiate foreclosure or to direct Reconstruct to foreclose and sell the real property. Plaintiff alleges that defendants have committed similar conduct with respect to many other mortgage or trust deed security instruments and therefore engaged in a pattern of and practice utilizing the non-judicial foreclosure procedures of California to improperly and unlawfully foreclose on properties.

## II. Standards

**A.   Standard for Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

In order to survive a motion to dismiss for failure to state a claim, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 569 (2007).  While a complaint need not plead "detailed factual allegations," the factual allegations it

3

1  does include "must be enough to raise a right to relief above the

2  speculative level." Id. at 555.

3      The Supreme Court recently held that Federal Rule of Civil

4  Procedure 8(a)(2) requires a "showing" that the plaintiff is

5  entitled to relief, "rather than a blanket assertion" of

6  entitlement to relief. Id. at 555 n.3.  Though such assertions may

7  provide a defendant with the requisite "fair notice" of the nature

8  of a plaintiff's claim, the Court opined that only factual

9  allegations can clarify the "grounds" on which that claim rests.

10 Id.  "The pleading must contain something more. . . than . . . a

11 statement of facts that merely creates a suspicion [of] a legally

12 cognizable right of action." Id. at 555, quoting 5 Wright & Miller,

13 Federal Practice and Procedure, § 1216, pp. 235-36 (3d ed. 2004).[3]

14     On a motion to dismiss, the allegations of the complaint must

15 be accepted as true.  See Cruz v. Beto, 405 U.S. 319, 322 (1972).

16 The court is bound to give the plaintiff the benefit of every

17 reasonable inference to be drawn from the "well-pleaded"

18 allegations of the complaint.  See Retail Clerks Int'l Ass'n v.

19 Schermerhorn, 373 U.S. 746, 753 n.6 (1963). In general, the

20 complaint is construed favorably to the pleader. See Scheuer v.

21 Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by

22 Harlow v. Fitzgerald, 457 U.S. 800 (1982). Nevertheless, the court

23

24     [3] The holding in Twombly explicitly abrogates the well
   established holding in Conley v. Gibson that, "a complaint should
25 not be dismissed for failure to state a claim unless it appears
   beyond doubt that the plaintiff can prove no set of facts in
   support of his claim which would entitle him to relief." 355 U.S.
26 41, 45-46 (1957); Twombly, 550 U.S. at 560.

4

1 does not accept as true unreasonable inferences or conclusory legal

2 allegations cast in the form of factual allegations.  W. Mining

3 Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

4 **B.   Standard for Motion for a More Definite Statement Pursuant to**

5      **Federal Rule of Civil Procedure 12(e)**

6      "If a pleading to which a responsive pleading is permitted is

7 so vague or ambiguous that a party cannot reasonably be required

8 to frame a responsive pleading, the party may move for a more

9 definite statement before interposing a responsive pleading." Fed.

10 R. Civ. P. 12(e).  "The situations in which a Rule 12(e) motion is

11 appropriate are very limited."   5A Wright and Miller, Federal

12 Practice and Procedure § 1377 (1990). Furthermore, absent special

13 circumstances, a Rule 12(e) motion cannot be used to require the

14 pleader to set forth "the statutory or constitutional basis for his

15 claim, only the facts underlying it."  McCalden v. California

16 Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990).  However, "even

17 though a complaint is not defective for failure to designate the

18 statute or other provision of law violated, the judge may in his

19 discretion . . . require such detail as may be appropriate in the

20 particular case."  McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir.

21 1996).

22                        **III. Analysis**

23      The complaint alleges the following two causes of action

24 against both defendants: unfair debt collection practices in

25 violation of state and federal law and violations of RICO.  He also

26 alleges a third cause of action for predatory lending practices

5

1   against Countrywide Home Loans.

2       As a preliminary matter, because plaintiff has not opposed

3   defendants' motion to dismiss, the court may grant the motion on

4   this basis alone. <u>See</u>, <u>e.g.</u>, <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54

5   (9th Cir. 1995).  Upon review of the complaint, however, it is

6   apparent that it is deficient under <u>Twombly</u> and the court therefore

7   dismisses on these grounds.

8       As stated above, <u>Twombly</u> provides that a plaintiff's

9   allegations must set forth "a short and plain statement of the

10  claim showing that the pleader is entitled to relief," in order to

11  "give the defendant fair notice of what the . . . claim is and the

12  grounds upon which it rests." 550 U.S. at 555.  At a minimum, the

13  complaint must allege enough facts to state a claim for relief that

14  is plausible on its face.  <u>Id.</u> at 569.  None of plaintiff's causes

15  of action meet this pleading standard.

16      Plaintiff's causes of action, all of which appear to allege

17  violations of federal law, are based on underlying claims of a

18  violation of the California Commercial Code §3301 and §3309.

19  According to plaintiff, because defendants Countrywide and

20  Reconstruct do not possess the Note nor are entitled to payment on

21  the Note on any other basis, they do not have the right to

22  foreclose on and sell the real property.  <u>See</u> Compl. ¶¶ 17, 18.

23  Plaintiff does not allege, however, how these claims, even if taken

24  as true, violate Commercial Code §§ 3301 and 3309.

25      Commercial Code § 3301 provides,

26  ////

6

1
2
3
4
5

> "Person entitled to enforce" an instrument means (a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

6   Section 3309 is entitled "Enforcement of lost, destroyed or stolen

7   instrument" and provides instances in which a person not in

8   possession of an instrument is entitled to enforce the instrument

9   when it is lost, destroyed or stolen and how that person may

10  proceed to enforce the instrument.

11      Even reading the allegations in the light most favorable to

12  the plaintiff, he has only alleged that defendants do not have the

13  right to enforce the Note.  In so doing, plaintiff has couched

14  legal conclusions as factual allegations and has attempted to use

15  these conclusory allegations to serve as a basis for a claim of his

16  entitlement to relief.  This is not sufficient under <u>Twombly</u>.  <u>See</u>

17  <u>Twombly</u>, 550 U.S. at 555-56 ("the pleading must contain something

18  more than a statement of facts that merely creates a suspicion of

19  a legally cognizable right of action").  Because all of plaintiff's

20  causes of action are based on this alleged violation of state law,

21  this deficiency is fatal to his complaint.

22      Moreover, plaintiff's allegations under specific federal

23  statutes contain additional deficiencies. First, plaintiff alleges

24  that defendants engaged in unfair debt collection practices in

25  violation of California Civil Code § 1788 and the Fair Debt

26  Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  Both

1   statutes proscribe the conduct by "debt collectors," which are

2   defined by the respective statutes. <u>See</u> 15 U.S.C. § 1692(6) (debt

3   collector is any person who uses any instrumentality of interstate

4   commerce or the mails in any business the principal purpose of

5   which is the collection of any debts, or who regularly collects or

6   attempts to collect, directly or indirectly, debts owed or due or

7   asserted to be owed or due another); Cal. Civ. Code § 1788.2 (debt

8   collector is any person who regularly engages in debt collection

9   practice). Plaintiff has not alleged that defendant Countrywide

10   is a debt collector under either statute, simply identifying

11   Countrywide as "the natural person or business entity whose form

12   is unknown to Plaintiff that has directed and is directing said

13   Trustee to proceed under a power of sale to foreclose." Compl. ¶

14   2. Plaintiff has therefore failed to allege an essential element

15   of his first cause of action, as to defendant Countrywide.

16       Additionally, plaintiff has not alleged that either defendant

17   engaged in practices that, by act or omission, violated the

18   provisions of either statute. <u>See</u> 15 U.S.C. § 1692; Cal. Civ. Code

19   §§ 1788.10-1788.18. Plaintiff's allegations that the defendants

20   initiated foreclosure without possession of the Note do not appear

21   to be encompassed within the definition of unfair collection

22   practices under either statute. Plaintiff's first cause of action

23   is therefore insufficient.

24       Plaintiff's first cause of action is also insufficient insofar

25   as it alleges a cause of action under the Real Estate Settlement

26   Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2601-2617. RESPA

1    permits recovery for unduly high closing costs.  See id.; Bloom v.

2    Martin, 865 F. Supp. 1377, 1381 (N.D. Cal. 1994). Here, plaintiff

3    has not alleged any facts regarding any excessively high fees or

4    costs charged at or in relation to settlement as prohibited by

5    RESPA.  Accordingly, this cause of action is inadequately pled.

6         Next, plaintiff claims that defendants engaged in predatory

7    lending in violation of the Truth in Lending Act ("TILA"), 15

8    U.S.C. § 1601, Home Ownership and Equity Protection Act ("HOEPA"),

9    15 U.S.C. § 1639,[4]  Regulation Z of the Truth In Lending Act, 12

10   C.F.R. 226, and the Federal Trade Commission Act  ("FTCA"), 15

11   U.S.C. §§ 41-58.  Plaintiff has failed to state a cause of action

12   under any of these statutes and regulations.

13        Plaintiff's citation to TILA and Regulation Z generally do not

14   provide  adequate  notice  to  defendants  as  to  the  nature  of

15   plaintiff's claims and the legal theory on which they rest.   TILA

16   contains over seventy-five subsections, divided into five parts.

17   By simply citing to the Congressional findings and declaration of

18   purpose, 15 U.S.C. § 1601, plaintiff has not satisfied even the

19   minimal pleading standards of Federal Rule of Civil Procedure 8.

20   Similarly, Regulation Z contains thirty-six subparts ranging from

21   12 C.F.R 226.1 to 226.36, and it is not clear which of these

22   provides  the  basis  of  plaintiff's  claim.    Per  Twombly,  this

23   requires dismissal for failure to state a claim.  See Twombly, 550

24

25        [4]Plaintiff appears to have erroneously identified this as 15

26   U.S.C. § 1637. HOEPA is an amendment to TILA, codified at 15 U.S.C.
     § 1639.

1 U.S. at 555.

2      To the extent that plaintiff alleges violations of HOEPA, this

3 claim fails as well.  HOEPA sets forth nine major requirements for

4 certain mortgages, including mandatory disclosures, restrictions

5 on changes in payment terms, and limitations on interest rates.

6 See 15 U.S.C. § 1639.  Plaintiff fails to allege in what way

7 defendants violated HOEPA's provisions[5] and even that his home loan

8 is covered by HOEPA.  This is not sufficient under Rule 8 or

9 Twombly.

10      To the extent that plaintiff alleges that defendants violated

11 the FTCA, this claim must fail.  There is no private right of

12 action for violations of the FTCA.  Carlson v. Coca-Cola Co., 483

13 F.2d 279, 280 (9th Cir. 1973).

14      Finally, plaintiff's third cause of action for violations of

15 RICO is deficient.  RICO imposes liability for the use or

16 investment in foreign or interstate commerce of income derived from

17 a pattern of racketeering activity.  18 U.S.C. § 1962(a).

18 In order to constitute a "pattern," there must be at least two acts

19 of racketeering activity within 10 years of one another. 18 U.S.C.

20 § 1961(5); Turner v. Cook, 362 F.3d 1219, 1229 (9th Cir. Cal.

21 2004).

22      In support of this cause of action, plaintiff alleges that

23 defendants violated RICO by attempting to collect unlawful debts,

24 ───────────────

25     [5]Plaintiff alleges that J&R Lending violated the provisions

26 of HOEPA but does not allege how or how this implicates either
defendant.

10

1  but does not allege why or how the debt was unlawful.  <u>See</u> 18

2  U.S.C. § 1961(6) (defining "unlawful debt").  Plaintiff also

3  alleges that defendants engaged in mail fraud, interference with

4  commerce, robbery, extortion, and fraud in the sale of securities.

5  Compl. ¶¶ 28-30.  These recitations simply set forth the definition

6  of what is a "racketeering activity" under RICO, without providing

7  any notice of the factual allegations upon which the claim is

8  based.  <u>See</u> 18 U.S.C. § 1961(1).  Finally, plaintiff does not

9  allege that there were two or more instances of racketeering

10  conduct, to form the basis for his allegation that defendants

11  engaged in a pattern of racketeering activity.  <u>See</u> <u>id.</u> § 1961(5).

12  These deficiencies render the cause of action inadequately pled.

13  <u>See</u> Fed. R. Civ. P. 8(a); <u>Twombly</u>, 550 U.S. at 555.

**IV.  Conclusion**

15      For the reasons stated herein, the defendants' motion is

16  GRANTED, with leave to amend.  Plaintiff is granted ten days from

17  the date of this order to file and serve an amended complaint.

18      IT IS SO ORDERED.

19      DATED:  February 19, 2009.

22  LAWRENCE K. KARLTON
    SENIOR JUDGE
23  UNITED STATES DISTRICT COURT